6030021.001

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
IN ADMIRALTY
-----------------------------------------------------------X

MAERSK A/S trading as Sealand Americas,

        Plaintiff,

  -against-                         CASE NO.

KALIKO GROUP LLC, a Florida Limited Liability Company,
and ENRIQUE PENARREDONDA, An Individual,

        Defendants.

-----------------------------------------------------------X

## CIVIL COMPLAINT IN ADMIRALTY

1. Plaintiff, MAERSK A/S trading as Sealand Americas (hereinafter referred to as "Plaintiff SEALAND"), by and through its undersigned counsel, files herewith this Complaint in Admiralty against Defendant KALIKO GROUP LLC, a Florida Limited Liability Company (hereinafter referred to as "Defendant KALIKO") and Defendant ENRIQUE PENARREDONDA (hereinafter referred to as "Defendant PENARREDONDA"), and for a cause of action in personam respectfully states as follows:

### JURISDICTION

2. This Court has original jurisdiction pursuant to 28 U.S.C. Section 1333(1). Plaintiff SEALAND is seeking to enforce rights under maritime contracts, making this an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. This Court has also jurisdiction under 28 U.S.C. §§ 1331 in that this matter arises under the laws of

1

the United States, in particular, The Shipping Act of 1984, 46 U.S.C. §40101 et. seq. (hereinafter "The Act").

## VENUE

3. Venue in this case is proper.

4. A substantial part of the events or omissions giving rise to the claim asserted herein occurred within the territorial limits of the United States District Court for the Middle District of Florida, namely Lake Mary, Florida.

5. The contracts which are the subject of this action were breached by Defendants within the territorial limits of the United States District Court for the Middle District of Florida, namely Lake Mary, Florida, by failing to pay Plaintiff SEALAND the ocean freight and related charges in Florida.

## THE PARTIES

6. Plaintiff SEALAND is a Denmark corporation and is a vessel operating common carrier in the foreign commerce of the United States with regional headquarters and place of business at Miramar, Florida.

7. Defendant KALIKO is a Florida Limited Liability Company with a headquarters and place of business in Lake Mary, Florida.

8. Defendant PENARREDONDA is an individual domiciled, upon information and belief, in Lake Mary, Florida.

## GENERAL ALLEGATIONS

9. The Terms for Carriage of Plaintiff SEALAND can be viewed on the reverse side of each bill of lading incorporated into this Complaint, in Plaintiff SEALAND's published tariff and in Plaintiff SEALAND's website at https://terms.sealandmaersk.com/americas/carriage .

10. The definitions of various terms of the bill of lading contracts including "Carrier", "Freight", "Merchant" and "Person" as well as setting forth Plaintiff's earned freight clause are:

**Terms for Carriage**

1. Definitions

 **"Carrier"** means MAERSK A/S trading as Sealand Americas of 50 Esplanaden, 1263 Copenhagen K, Denmark.  "Sealand Americas is the trade name of the Carrier….

**"Freight"** includes all charges payable to the Carrier in accordance with the applicable Tariff and this bill of lading….

 **"Merchant"** includes the Shipper, Holder, Consignee, Receiver of the Goods, any Person owning or entitled to the possession of the Goods or of this bill of lading and anyone acting on behalf of such Person….

 **"Person"** includes an individual, corporation, or other legal entity….

## 16. Freight, Expenses and Fees

16.1 Full Freight shall be payable based on particulars furnished by or on behalf of the Shipper….

16.2 Full Freight shall be considered completely earned on receipt of the Goods by the Carrier and shall be paid and non returnable in any event.

16.3 All sums payable to the Carrier are due on demand and shall be paid in full in United States currency or, at the Carrier's option, in its equivalent in the currency of the Port of Loading or of Discharge or the Place of Receipt or of Delivery or as specified in the Carrier's Tariff….

>16.5 All Freight shall be paid without any set off, counter claim, deduction or stay of execution at latest before delivery of the Goods.

11. The Terms for Carriage also sets forth the responsibility of both Defendants to Plaintiff SEALAND in accordance with the bill of lading terms and conditions:

>**15. Merchant's responsibility**
>
>15.1 <u>All of the Persons coming within the definition of Merchant in clause 1, **including any principal of such Person**, shall be jointly and severally liable to the Carrier for the due fulfilment of all obligations undertaken by the Merchant in this bill of lading</u>. [emphasis supplied]

12. Defendant PENARREDONDA is the principal of Defendant KALIKO. Per the Terms for Carriage of Plaintiff SEALAND's bills of lading, Defendant PENARREDONDA is jointly and severally liable with Defendant KALIKO to Plaintiff SEALAND for all charges prayed for herein.

13. Plaintiff SEALAND has filed a schedule of its rates and charges and service contracts for the carriage of cargo, including detention and demurrage charges, wharfage and dockage with the Federal Maritime Commission or has otherwise maintained said rates and charges pursuant to the Act.

14. A review of the Florida Secretary of State records, a copy of which is annexed as <u>Exhibit A</u>, including the Electronic Articles of Organization for Florida Limited Liability Company filed February 23, 2021, indicates that Defendant PENARREDONDA, by his electronic signature, certifies that he is the "AMBR" which is the Authorized Member of Defendant KALIKO and that he is authorized to manage Defendant KALIKO.

15. At all material times Plaintiff SEALAND stands in relation to Defendant KALIKO as a carrier of goods and Defendant KALIKO stands in relation to Plaintiff SEALAND as a

Consignee of goods or otherwise falls within the definition of Merchant in SEALAND's terms and conditions.

16. A summary of the bills of lading and invoices relating to the amounts sought in this action is annexed as Exhibit B.

17. Copies of the actual bills of lading and outstanding invoices appearing on the summary have been delivered to the Defendants.

18. The amount due from Defendants to Plaintiff SEALAND is $13,338.00 after applying all credits, plus interest, attorney's fee and costs.

## COUNT 1
## BREACH OF CONTRACT(S) AGAINST ALL DEFENDANTS

19. Plaintiff realleges and reavers the allegations contained in paragraphs 1 through 18 as if fully set forth herein.

20. During July and August 2021 Defendant KALIKO entered into contracts of affreightment for services (the "Services") summarized in Exhibit B with Plaintiff SEALAND that called for the transportation of Defendant KALIKO's cargo via Plaintiff SEALAND's ocean vessels from foreign ports to the mainland United States.

21. Plaintiff SEALAND performed its contractual obligations to Defendant KALIKO, as well as all conditions precedent to bringing this suit.

22. Defendant KALIKO materially breached its contractual obligations to Plaintiff SEALAND by not compensating Plaintiff SEALAND fully for its Services performed as agreed.

23. Plaintiff SEALAND has suffered economic damages in the amount of $13,338.00 in accordance with the Bills of Lading and invoices summarized as Exhibit B no part of which has been paid as a result of Defendant KALIKO'S breach of the Bill of Lading contracts.

WHEREFORE, the Plaintiff SEALAND respectfully requests for this Honorable Court to enter judgment against Defendant KALIKO and Defendant PENARREDONDA, jointly and severally, for damages in the amount of $13,338.00, together with contractual costs, interest and attorney's fees and any and other further relief as may be just and proper under the circumstances.

## COUNT 2
## FOR MONEY DUE UNDER TARIFF/SERVICE CONTRACTS AGAINST ALL DEFENDANTS

24. Alternatively, Plaintiff SEALAND realleges and reavers the allegations contained in paragraphs 1 through 18 as if fully set forth herein.

25. Plaintiff SEALAND has filed a schedule of its rates and charges and service contracts for the carriage of cargo, including detention and demurrage charges, wharfage and dockage with the Federal Maritime Commission or has otherwise maintained said rates and charges pursuant to The Act.  Pursuant to The Act, Plaintiff SEALAND is prohibited from transporting cargo for a lesser rate than that specified in its tariffs or service contracts.  The Act also prohibits Defendant KALIKO and Defendant PENARREDONDA from obtaining transportation or attempting to obtain transportation of cargo at lesser rates.

26. Plaintiff SEALAND transported cargo for the benefit of Defendant KALIKO and Defendant PENARREDONDA during July and August 2021 in the foreign commerce of the United States. Such transportation and services provided are evidenced by Plaintiff SEALAND's bills of lading and/or freight bills, invoices, credit agreements and freight guarantees, the terms of which are incorporated herein through this reference.  Plaintiff SEALAND has fully performed its tariff obligations.  A list of said bills of lading and invoices is attached hereto as Exhibit B.  The bills of lading and/or invoices set forth the associated charges due under each bill of lading

including, but not limited to, basic ocean freight, inland haulage, bunker adjustment factor and reefer monitoring charges.

27. Plaintiff SEALAND demanded that Defendant KALIKO and Defendant PENARREDONDA pay the full amount due of $13,338.00.

28. Defendant KALIKO and Defendant PENARREDONDA have knowingly and willfully failed and refused to pay Plaintiff SEALAND the full amount due.

29. Consequently, Defendant KALIKO and Defendant PENARREDONDA are liable to Plaintiff SEALAND, jointly and severally, in the amount of $13,338.00, plus reasonable attorneys' fees and interest thereon.

WHEREFORE, the Plaintiff SEALAND respectfully requests for this Honorable Court to enter judgment against Defendant KALIKO and Defendant PENARREDONDA, jointly and severally, for damages in the amount of $13,338.00, together with contractual costs, interest and attorney's fees and any and other further relief as may be just and proper under the circumstances.

## COUNT 3
## FOR GOODS WARES AND SERVICES AGAINST ALL DEFENDANTS

30. Alternatively, Plaintiff SEALAND realleges and reavers the allegations contained in paragraphs 1 through 18 as if fully set forth herein.

31. Within the last five (5) years, Defendants became indebted to Plaintiff for goods, wares and services provided by Plaintiff to Defendants, as evidenced by the bills of lading and invoices in Exhibit B for which Defendants agreed to pay plaintiff.

32. Despite due demand, the sum of $13,338.00 is now due, owing and unpaid for said goods, wares and services.

WHEREFORE, the Plaintiff SEALAND respectfully requests for this Honorable Court to enter judgment against Defendant KALIKO and Defendant PENARREDONDA, jointly and severally, for damages in the amount of $13,338.00, together with contractual costs, interest and attorney's fees and any and other further relief as may be just and proper under the circumstances.

## COUNT 4
## UNJUST ENRICHMENT

33. Alternatively, plaintiff realleges and reavers the allegations contained in paragraphs 1 through 18 as if fully set forth herein.

34. During July and August, 2021 Plaintiff SEALAND has conferred a benefit directly on Defendant KALIKO and Defendant PENARREDONDA, who had knowledge thereof, by Plaintiff SEALAND providing marine transportation services to Defendant KALIKO including the issuance of ocean bills of lading and the transportation of Defendant KALIKO's cargo by water and use of Plaintiff SEALAND's equipment from foreign ports to the United States for Defendants at the request of Defendants.

35. Defendant KALIKO and Defendant PENARREDONDA requested and voluntarily accepted and retained the services conferred by Plaintiff SEALAND.

36. The circumstances are such that it would be inequitable for Defendant KALIKO and Defendant PENARREDONDA to retain the services without paying the value thereof to Plaintiff SEALAND .

37. Defendant KALIKO and Defendant PENARREDONDA have been unjustly enriched at the expense of Plaintiff SEALAND by accepting the services without providing compensation.

38. Plaintiff SEALAND is entitled to damages as a result of the unjust enrichment of Defendant KALIKO and Defendant PENARREDONDA.

39. Plaintiff SEALAND has no adequate remedy at law.

WHEREFORE, Plaintiff SEALAND demands monetary damages for the reasonable value of the services provided by SEALAND against Defendant KALIKO and Defendant PENARREDONDA, jointly and severally, for unjust enrichment and for such other relief that this Court deems just and proper.

Dated: Key Biscayne, Florida
       March 30, 2022

                                              THOMAS V. HALLEY, P.A.

                                              By:  /S/ Thomas V. Halley
                                              Thomas V. Halley
                                              Florida Bar No. 0694363
                                              Attorney for Plaintiff
                                              251 Galen Dr., #302E
                                              Key Biscayne, FL 33149
                                              Tel. 305 469-0507
                                              thalley@shiplaw.net